**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO: 16-45844-659 |
| JEANNE M NANGLE ) | Chapter 13 |
| ) | |
| ) | Trustee's Objection to Confirmation |
| ) | Original Confirmation Hearing set for: |
| **Debtor** ) | November 10, 2016  11:00 am |

## TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN

**COMES NOW** John V. LaBarge, Jr., Standing Chapter 13 Trustee, and for his objection to confirmation states as follows:

1. Proposed plan payment does not constitute debtor's best effort to repay creditors.  11 U.S.C. §§ 1325(a)(3) & (b)(1)(B)
2. The Mandatory Model Plan has not been used or has been modified.  The current version of the Mandatory Model Plan is available on the Bankruptcy Court's website.
3. Amended budget needed to reflect current employment and income.
4. The plan does not provide sufficient funds to pay all creditors entitled to full payment, including fair market value of secured claims and priority debts.  11 U.S.C. §§ 1322(a)(2) & 1325(a)(5)(B)(ii)
5. The plan contains insufficient funds to make the guaranteed repayment to general unsecured creditors.
6. The set monthly payments to be made by the Trustee exceed the plan payment.
7. The plan is not proposed in good faith (11 U.S.C. § 1325(a)(3)) because:
Debtor owns several properties free and clear and proposes to pay only $100/month for 60 months until she sells 4 of her properties.  Debtor does not provide a timeline for when the properties will be sold.  Debtor further attempts to direct the Trustee not to make any payments to any creditors, insisting that all claims will be paid from the sale proceeds.  The Trustee asserts that the plan should provide for the sale of the real estate within 1 year.  If Debtor is unable to sell the properties within 1 year, Debtor should be required to either surrender the properties or convert to a Chapter 7.
8. The plan is ambiguous or incapable of ascertainment (11 U.S.C. §§ 1321 & 1325(a)(3)) because:
Plan paragraph 10 states that Debtor will sell 4 of her properties and pay all creditors with sale proceeds.  The plan does not instruct the Trustee to not pay claims.  Plan paragraph 10 should state that the Trustee is to make no payments if that is the Debtor's intent.
9. The schedules as filed are incomplete or inaccurate.  Schedule A/B omits ownership of a property at 71 Larkin Williams.  A judgment is also not disclosed.  Debtor also has an undisclosed storage unit that contains household goods.  Furthermore, Debtor is to receive the benefit of a trust (Testamentary Trust of Edward McMahon).  The Trustee requests a copy of the trust documents.

10. The Trustee reserves the right to object to Debtor's plan pending further information as it becomes available to the Trustee.

    **WHEREFORE** the Trustee prays the Court enter its order denying confirmation of the proposed plan.

| | |
|---|---|
| Dated: October 04, 2016 | /s/ Jennifer M. Pontus |
| | Jennifer M. Pontus MO65660 |
| OBJCONFAF--JMP | Attorney for Trustee |
| | P.O. Box 430908 |
| | St. Louis, MO  63143 |
| | (314) 781-8100  Fax: (314) 781-8881 |
| | trust33@ch13stl.com |

    The undersigned hereby certifies that he served the above notice on this day of October 04, 2016, either through the Court's ECF system or by ordinary mail, postage pre-paid, addressed to:

                                                                                                                                       /s/ Jennifer M. Pontus

JEANNE M NANGLE  
636 WALNUT RIDGE DRIVE  
BALLWIN, MO  63021  

DESAI EGGMANN MASON LLC  
7733 FORSYTH BLVD  
STE 800  
CLAYTON, MO  63105