**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| JEANNE M. NANGLE, Debtor, | ) | 16-45844-659, Chapter 13 |
| | ) | |
| | ) | Motion for Relief from the Automatic Stay |
| | ) | and Notice of Hearing |
| | ) | |
| | ) | Filed by:  David Bening, Creditor |
| | ) | Nancy Hardin, Successor Creditor |
| | ) | Bernice Harre, Successor Creditor |
| | ) | Sharon Mewes, Successor Creditor |
| DAVID BENING, | ) | Hearing Date: December 5, 2016 |
| NANCY HARDIN, | ) | Hearing Time: 10:00 a.m. |
| BERNICE HARRE, | ) | Courtroom:  St. Louis, 7-North |
| SHARON MEWES, | ) | Responses Due: November 28, 2016 |
| Movants. | ) | David G. Waltrip, EDMO #35000MO |
| | ) | Nicole A. Hahn, EDMO #58275 |
| v. | ) | Waltrip & Schmidt, L.L.C. |
| | ) | 8151 Clayton Road, Suite 200 |
| JEANNE M. NANGLE, | ) | St. Louis, Missouri 63117 |
| Respondent. | ) | (314) 727-7755 |
| | ) | (314) 880-7755 Facsimile |
| JOHN V. LABARGE, Jr. | ) | david.waltrip@waltrip.com |
| Trustee | ) | nicole.hahn@waltrip.com |
| | ) | Attorneys for Movants. |

**NOTICE OF HEARING**

**WARNING: ANY RESPONSE OR OBJECTION MUST BE FILED WITH THE COURT BY THE DATE LISTED ABOVE (SEE L.B.R. 9013-1). A COPY MUST BE PROMPTLY SERVED UPON THE UNDERSIGNED. FAILURE TO FILE A TIMELY RESPONSE MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED PRIOR TO THE HEARING DATE. THE HEARING TO BE HELD ON THE DATE AND TIME ABOVE BEFORE THE HONORABLE KATHY A. SURRATT-STATES, IN THE UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF MISSOURI, U.S. COURTHOUSE, 111 SOUTH TENTH STREET, FLOOR 7, NORTH COURTROOM, ST. LOUIS, MO 63102.**

**MOTION FOR RELIEF FROM THE
AUTOMATIC STAY PROVISION OF 11 USC §362**

COME NOW the Creditors/Movants, David Bening and Nancy Hardin, Bernice Harre, and

Sharon Mewes as successor Creditors for Alfred Harre, deceased (hereinafter, "Movants"), by and through their attorneys Waltrip & Schmidt, LLC, and more specifically David G. Waltrip and Nicole A. Hahn, and now move this Court to Modify and to Grant Relief from the Automatic Stay provisions of the United States Bankruptcy Code (hereinafter the "Code"), 11 USC §362 so as to allow the Movants to proceed in whole or in part with a civil contempt proceeding including an Order to Show Cause in the United States District for the Eastern District of Missouri, Eastern Division in the matter captioned David J. Bening, et al. v. Arthur G. Muegler, Jr. et al, 4:90-CV-1798 CAS. In support thereof, the Movants state:

1. On August 16, 2016, the Debtor filed a Voluntary Chapter 13 Petition. The Debtor filed for and sought relief under the Code and relief was thereafter granted thereby causing the provisions of the automatic stay to become effective.

2. This is a core proceeding pursuant to 28 USC § 157(b)(2)(A) and (G) and pursuant to Bankruptcy Rule 9014.

3. The Movants herein seek leave of the Court to proceed on a contempt proceeding which was pending in the United States District for the Eastern District of Missouri, Eastern Division (hereinafter referred as the "District Court") prior to the Debtor's filing of her Voluntary Chapter 13 Petition.

4. On or about March 31, 2015, the District Court in the case captioned David J. Bening, et al. v. Arthur G. Muegler, Jr., et al, 4:90-CV-1798 CAS, entered an Order, which required, in part, that Plaintiffs, David Bening, Nancy Hardin, Bernice Harre and Sharon Mewes, the movants herein (hereinafter "Movants"), shall file a motion for contempt and for sanctions against garnishee Jeanne Nangle by April 14, 2015. In its March 31, 2015 Order, the Court preliminarily found that

Jeanne Nangle was in violation of the Court's February 23, 1999 preliminary order in aid of execution and of creditor's bill and equitable garnishment (Docket Sheet of Bening, et al. v. Arthur G. Muegler, Jr., et al., 4:90-CV-1798 CAS attached, hereto, and incorporated, herein as "Movants' Exhibit 1", District Court Order dated March 31, 2015, attached, hereto, and incorporated, herein, as "Movants' Exhibit 2").

5. In compliance with the District Court's March 31, 2015 Order, the Movants on April 13, 2015 did file with the District Court their Application for Order to Show Cause and Motion for Contempt and Sanctions Against Jeanne Nangle (Movants' Exhibit 1, Application for Order to Show Cause and Motion for Contempt and Sanctions Against Jeanne Nangle attached, hereto, and incorporated, herein, as "Movants' Exhibit 3").

6. The issuance of the Show Cause Order was delayed until February 25, 2016 due to a series of appeals; all of which were dismissed or denied. On February 25, 2016, the District Court granted Movants' Application for an Order to Show Cause and Motion for Contempt and Sanctions Against Jeanne Nangle to the extent it sought a show cause hearing as to why garnishee Jeanne Nangle should not be held in contempt of the Court for her willful and contumacious failure to comply with the terms of the 1999 Order (Movants' Exhibit 1, District Court Order dated February 25, 2016, attached, hereto, and incorporated, herein, as "Movants' Exhibit 4").

7. By and though the February 25, 2016 Order, a show cause hearing was set for March 24, 2016 at which garnishees Donald and Jeanne Nangle were Ordered to personally appear and show cause why civil contempt sanctions should not be imposed against them for failure to comply with the 1999 Order of the District Court (Movants' Exhibits 1 and 4).

8. The show cause hearing which was to be heard on March 24, 2016 was stayed upon

the filing of an appeal by Jeanne Nangle on March 21, 2016. Such appeal was ultimately dismissed for want of an appealable order (Movants' Exhibit 1).

9. Upon conclusion of the appeal the District Court rescheduled the contempt hearing for August 25, 2016 (Movant's Exhibit 1, District Court Order dated June 15, 2016, attached, hereto, and incorporated, herein, as "Movants' Exhibit 5").

10. On August 17, 2016, Jeanne Nangle filed her Notice of Suggestion of Bankruptcy and Application of Automatic Stay with the District Court (Movants' Exhibit 1).

11. On August 19, 2016 the District Court issued an Order staying the show cause proceedings until further Order of the Bankruptcy Court (Movants' Exhibit 1).

12. The Movants herein seek leave of the Court to proceed because the automatic stay does not prohibit pendency of a pre-petition civil contempt action against debtor, as long as the Court's primary purpose in pursuing the Order for contempt was to uphold the dignity of its prior order. (Bankr.Code, 11 USC §362(a), *See* In re Lowery, 292 B.R. 645 (Bankr.E.D.Mo. 2003).)

13. Because the primary purpose of the United States District Court for the Eastern District of Missouri, Eastern Division in entering its Order to Show Cause against Jeanne Nangle was to uphold the dignity of a proper order of the Court, the Contempt proceeding is outside the scope of the automatic stay.

14. In enacting the Bankruptcy Code and providing for automatic stay, Congress did not intend to strip non-bankruptcy courts of their inherent authority to enforce their own orders against parties that later file for bankruptcy, by allowing parties to escape consequences of willfully disobeying such orders. (*See* In re Lowery, 292 B.R. 645 (Bankr.E.D.Mo. 2003).)

15. The Movants herein seeks to proceed on the contempt proceeding before the District Court.

16. The Movants are seeking relief from the Automatic Stay so that the District Court may conduct its show cause hearing to determine whether Jeanne Nangle should be held in contempt of the Court for her willful and contumacious failure to comply with the terms of the 1999 Order and, thereafter, if evidence adduced at hearing so requires, enter an Order finding Jeanne Nangle in contempt of the District Court.

17. This Motion is made pursuant to 11 USC § 362(d)(1).

18. The granting of this Motion for Relief from the Automatic Stay will appropriately allow the United States District Court for the Eastern District of Missouri, Eastern Division to act in accordance with its inherent powers to punish for violation of its previous orders.

19. In the alternative, relief from stay should be granted to the extent necessary to allow the District Court to enter whatever sanctions it deems appropriate that do not impact the property of the estate and to establish the amount of damages and any costs or penalties due from the Debtor to the Movants on account of her violations of its previous orders and to make a finding as to the amounts now due to the Movants on their underlying claim.

20. The alternative relief sought will allow the District court to uphold the dignity of the court as well as allow the court most experienced with the underlying dispute to fully liquidate the Movants' claim most efficiently and expeditiously.

WHEREFORE, Movants respectfully pray this Court grant the Movants relief from the automatic stay, granting the Movants authority to proceed in the United States District Court for the Eastern District of Missouri, Eastern Division in order to proceed with the Application for Order to Show Cause and Motion for Contempt and Sanctions Against Jeanne Nangle and Show Cause Hearing and to, thereafter, prosecute that matter to conclusion which conclusions may include an

Order of contempt; an order of sanctions; an Order for the confinement of Jeanne Nangle; or, in the alternative, grant Movant relief to proceed in the District Court in order to determine the amounts owed to Movants in the underlying action, including any damages, costs or penalties and for such other and further relief the District Court deems appropriate that does not affect the property of the Estate, and such further Orders as the United States District Court for the Eastern District of Missouri, Eastern Division, deems just, proper and appropriate.

Respectfully submitted,

**WALTRIP & SCHMIDT, LLC**

**/S/ DAVID G. WALTRIP**
**DAVID G. WALTRIP #35000**
**NICOLE A. HAHN #58275**
8151 Clayton Road, Suite 200
St. Louis (Clayton), Missouri 63117
Attorneys for Movants, David Bening,
Nancy Hardin, Bernice Harre, and
Sharon Mewes
(314) 727-7755
(314) 880-7755 (Facsimile)
david.waltrip@waltrip.com
nicole.hahn@waltrip.com

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a copy of the foregoing was electronically filed on this 2nd day of November, 2016, by using the CM/ECF System, and that a copy will be served by the CM/ECF upon those parties indicated by the Electronic filing System, including, John V. LaBarge, Jr., Chapter 13, Trustee; Robert Eggmann, Attorney for Debtor; and by First Class Mail, postage prepaid, upon Jeanne Nangle, Debtor, 636 Walnut Ridge Drive, Ballwin, MO 63021.

**/S/ DAVID G. WALTRIP**
**DAVID G. WALTRIP**