UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| JEANNE M. NANGLE, | ) | 16-45844-659 |
| | ) | |
| Debtor, | ) | Chapter 13 |
| | ) | |
| DAVID BENING, | ) | Objection to Confirmation of Plan Filed by |
| | ) | David Bening, Creditor and Bernice Harre, |
| Creditor, | ) | Shirley Hardin and Sharon Mewes, |
| and | ) | Successor Creditors of Alfred Harre, |
| | ) | Deceased |
| SHIRLEY HARDIN, BERNICE | ) | |
| HARRE, SHARON MEWES, | ) | |
| Successor Creditors of | ) | |
| ALFRED HARRE, Deceased | ) | |

### OBJECTION TO CONFIRMATION OF PLAN BY DAVID BENING, BERNICE HARRE, SHIRLEY HARDIN AND SHARON MEWES

COME NOW David Bening, Creditor and Shirley Hardin, Bernice Harre, and Sharon Mewes, as Successor Creditors of Alfred Harre, Deceased (hereinafter referred to as "Creditors"), by and through their attorneys, Waltrip & Schmidt, L.L.C. and more specifically, David G. Waltrip and Nicole A. Hahn and now files with the Court their Objection to the Confirmation of the Plan as filed by the Debtor, Jeanne M. Nangle, in the above entitled matter. In support thereof, the Creditors state:

1. On October 3, 1996, Donald Nangle secured a civil money judgment of One Hundred Seventeen Thousand Five Hundred Ninety Eight Dollars and Eight Cents ($117,598.08) against Freda Brockman in a civil action in the Circuit Court of the St. Louis City, Missouri styled *Donald V. Nangle v. Freda Brockman,*, Case No. 22902-07214-01 (hereinafter referred to as the "*Nangle v. Brockman*" lawsuit).

2. In *Nangle v. Brockman*, Muegler was the attorney who represented Donald Nangle. Donald Nangle and Muegler entered into a written attorney representation and contingency fee contract where Muegler was owed a contingency fee equal to Fifty Percent (50%) of the proceeds of any recovery in the *Nangle v. Brockman* lawsuit.

3. On or about October 30, 1996, Donald Nangle purported to assign the *Donald V. Nangle v. Freda Brockman* Judgment to his wife, the Debtor, herein, Jeanne Nangle, and Muegler purported to assign his contingency fee interest in the *Nangle v. Brockman* lawsuit to Jeanne Nangle.

4. In a myriad of legal proceedings by the Creditors' against Arthur Muegler and against Donald Nangle and Jeanne Nangle as Garnishees, United States District Court Judge Charles Shaw found that the attempted and purported assignment of Muegler's interest in his contingent fee agreement with Donald Nangle was a mere pretense and was a sham transaction.

5. On February 23, 1999, Creditors, herein, as Plaintiffs in the United States District Court filed their Motion for Creditor's Bill and Equitable Garnishment seeking to levy and attach Muegler's contingency fee interest in the *Nangle v. Brockman* lawsuit in order to satisfy their Judgments against Muegler (which are further laid out in Creditors' Proofs of Claims). (See ECF Doc. No. 312).

6. On February 23, 1999, this Court entered into its Preliminary Order in Aid of Execution and of Creditors' Bill and Equitable Garnishment (hereinafter referred to as the "1999 Order.")(See ECF Doc. No. 313).

7. Creditor David Bening has been scheduled as a Creditor of Debtor in her Voluntary Petition for Relief under the United States Bankruptcy Code and has duly filed a Proof of Claim with this Court.

8. Debtor has scheduled the debt owed to Creditor David Bening as an "unknown" amount.

9. In his Proof of Claim, Creditor David Bening has asserted that as of the date the Debtor filed her Chapter 13, that he holds an unsecured claim in the amount of Two Hundred Seventy One Thousand One Hundred and Eighty One Dollars ($271,181.00).

10. Successor Creditors Bernice Harre and Shirley Hardin are listed as creditors on the Schedules of Debtor's Voluntary Chapter 13 Petition and have subsequently duly filed their Proofs of Claim with this Court. Successor Creditor Sharon Mewes was not included as a creditor on the Schedules of Debtor's Voluntary Chapter 13 Petition, however, she has asserted that she is a creditor of Debtor though duly filing of her Proof of Claim with this Court. Bernice Harre, Shirley Hardin and Sharon Mewes are Successor Creditors for Alfred Harre, deceased, who was an original Plaintiff and Creditor along with David Bening and holds an unsecured claim as further stated in Paragraph 5, above.

11. Debtor has scheduled the debt owed to Successor Creditors Bernice Harre and Shirley harden as an "unknown" amount.

12. In their Proof of Claim, Successor Creditors Bernice Harre, Shirley Hardin, and Sharon Mewes have asserted that as of the date the Debtor filed her Chapter 13, that, together as successor creditors for Creditor Alfred Hare, deceased, they hold an unsecured claim in the

amount of Two Hundred Seventy One Thousand One Hundred and Eighty One Dollars ($271,181.00).

13. Debtor's plain fails to take into account the amounts owed to Creditors, herein, in that paragraph 9 of the Plan estimates total non-priority, unsecured creditors to total of Eighty Three Thousand Five Hundred Ninety Nine Dollars and Seventy Six Cents ($83,599.76).

14. Debtor's plan fails to provide a method of valuation of the debts owed to the Creditors, herein.

15. Debtor's Plan in paragraph 10 provides for funding of the plan though the sale of five (5) parcels of real property which she claims, in paragraph 9, will guarantee a minimum of 100% of all non-priority, unsecured creditors.

16. As the plan fails to take into consideration the claims of the Creditors, herein, this proposed plan cannot guarantee a minimum of 100% of all non-priority, unsecured creditors and fails to adequately compensate the Creditors, herein, as well as all other scheduled non-priority, unsecured creditors.

17. The Debtor's Plan fails to recognize the potential for Debtor's estranged husband, Donald Nangle, to assert a marital interest in the real properties contemplated in paragraph 10 of the Plan.

18. Until such time that the estranged husband of Debtor, Donald Nangle, irrevocably waives any and all interest in the real properties contemplated in paragraph 10 of the Plan, the properties will be unable to sell, the plan will not be funded and the creditors will not be paid. As the plan relies upon the unrealized actions of Donald Nangle, the plan is not confirmable.

19. The Debtor's Plan fails to recognize that a Motion for Relief from Automatic Stay is currently pending before this Court and that if the relief requested by the Creditors/Movants, herein, is granted, the United States District Court of the Eastern District of Missouri, Eastern Division may appoint a receiver to sell the aforementioned properties, the proceeds of which may be held in the registry of the Court pending further Orders of the District Court or this Court.

20. Based upon the aforegoing, the Movant objects to the confirmation of the Debtor's Plan under this Chapter 13 proceeding as such plan does not adequately compensate the creditors of this Debtor.

WHEREFORE the Movant prays this Court enter its Order denying the confirmation of the Debtors proposed Plan and that this case be dismissed for failure to propose a confirmable plan; and for such further Orders as this Court deems just and proper.

Dated: November 7, 2016

Respectfully submitted,

**WALTRIP & SCHMIDT, L.L.C.**

**/S/ DAVID G. WALTRIP**
**DAVID G. WALTRIP #35000**
**NICOLE A. HAHN #58275**
8151 Clayton Road, Suite 200
St. Louis (Clayton), Missouri 63117
Attorneys for Creditors, David Bening,
Shirley Hardin, Bernice Harre, and
Sharon Mewes
(314) 727-7755
(314) 880-7755 (Facsimile)
david.waltrip@waltrip.com
nicole.hahn@waltrip.com

## CERTIFICATE OF SERVICE

       The undersigned does hereby certify that a copy of the foregoing was electronically filed on this 7th day of November, 2016, by using the CM/ECF System, and that a copy will be served by the CM/ECF upon those parties indicated by the Electronic filing System, including, John V. LaBarge, Jr., Chapter 13, Trustee; Robert Eggmann, Attorney for Debtor; and by First Class Mail, postage prepaid, upon Jeanne Nangle, Debtor, 636 Walnut Ridge Drive, Ballwin, MO 63021.

                        **/S/ DAVID G. WALTRIP**
                        **DAVID G. WALTRIP**